Filed 2/14/24  V.K. v. J.A. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| V.K.,<br><br>    Appellant,<br><br>    v.<br><br>J.A.,<br><br>    Respondent. | D081906<br><br><br><br>(Super. Ct. No. 22FL010534C) |

APPEAL from a judgment of the Superior Court of San Diego County, Victor N. Pippins, Judge.  Affirmed in part, reversed in part, and remanded.

V.K., in pro. per., for Appellant.

No appearance for Respondent.

### INTRODUCTION

In this parentage action, V.K. appeals from a family court's initial order establishing child support and denying her request for attorney fees.  She contends the court erred in four respects:  It (1) failed to make the order retroactive to the date of the filing of the petition; (2) erroneously included income she had not yet earned in calculating 39 days of child support;

(3) erroneously considered J.A.'s income, derived entirely from recurring gifts from his parents, as taxable income; and (4) erroneously denied her request for an attorney fee contribution. We conclude there is merit to V.K.'s second and third claims of error. As a consequence, we reverse the court's child support order and remand with instructions to recalculate child support to accurately reflect V.K.'s income for the period of December 1, 2022 to January 8, 2023 and to characterize J.A.'s income as nontaxable. In all other respects, we affirm.

BACKGROUND

As of September 2022, V.K. and J.A. had been together for approximately seven years and had a four-year-old child. They had been living rent-free in the home of J.A.'s parents for the last five years of their relationship, when in August 2022 V.K. moved out with the child because of alleged domestic abuse by J.A.

On August 23, 2022, V.K. filed a request for a domestic violence restraining order (DVRO).[1] On September 1, she filed a petition to establish J.A.'s paternity of the child and a request for order (RFO) seeking child support and an attorney fees contribution from J.A.[2]

On November 15, 2022, the court issued a one-year DVRO against J.A., protecting both V.K. and the child. The court also entered a child custody order, awarding legal and physical custody of the child to V.K. and parenting time to J.A. that amounted to a 15 percent timeshare.

---

[1] Although V.K. represents herself in this appeal, she (and J.A.) both had counsel in the DVRO proceedings and the parentage action.

[2] V.K. filed an amended RFO on November 21, 2022 to update the amount of attorney fees she was requesting.

On December 21, 2022, the court held a hearing on V.K.'s RFO for child support and attorney fees.  On January 12, 2023, the court issued a written minute order in which it ordered J.A. to pay monthly child support of $472, retroactive to December 1, 2022, and arrears of $944 through February 1, 2023.  The court denied V.K.'s request for attorney fees, finding J.A. did not have the ability to contribute to V.K.'s attorney fees.  V.K. appeals.

DISCUSSION

I.

*Child Support*

We review a family court's award of child support for abuse of discretion.  (*In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 730.)  Under this standard, we determine whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion.  (*Ibid.*; *In re Marriage of de Guigne* (2002) 97 Cal.App.4th 1353, 1360.)  We do not substitute our own judgment for that of the family court; instead, we determine only if any judge reasonably could have made such an order.  (*In re Marriage of Alter*, at pp. 730–731.)  Because child support is a highly regulated area of law, the court has only the discretion provided by California's child support statutes and related policies.  (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 283.)  To determine whether the court followed established legal principles and correctly interpreted the child support statutes, we apply de novo review.  (*In re Marriage of Alter*, at p. 731.)

Although J.A. did not file a respondent's brief in this appeal, V.K., as appellant still bears the affirmative burden to show error.  (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 110, fn. 1.)  Appellate courts approach every appeal with the presumption the appealed judgment is

correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) To succeed on appeal, V.K. has the burden of demonstrating "that the trial court committed an error that justifies reversal of the judgment." (*Ibid.*) She retains this burden even though her appeal is unopposed. (*In re Marriage of F.M. & M.M.*, at p. 110, fn. 1.)

With these principles in mind, we turn to V.K.'s contentions the family court erred in its child support order because it (1) failed to make the order retroactive to the date of the filing of the petition; (2) erroneously included income she had not yet earned in calculating support for the period of December 1, 2022 to January 8, 2023; and (3) erroneously considered J.A.'s income, comprised entirely of recurring gifts from his parents, as taxable income.

A.    *The Court's Child Support Findings*

1.    *V.K.'s Income and Expenses*

When she filed her petition and RFO on September 1, 2022, V.K. was unemployed, as she was the child's full-time caregiver. She and J.A. had been receiving financial support from J.A.'s parents, until she moved out and obtained a temporary DVRO in August. After moving out, V.K. received public assistance.

At the time of the December 21, 2022 hearing, V.K.'s current income and expense declaration (IED) showed she had earned $20 from self-employment; received $516 in CalFresh;[3] had $624 in a bank account and no assets other than a car she valued at $2500; had credit card debts of $15,090;

---

[3]    CalFresh is the California implementation of the federal Supplemental Nutrition Assistance Program, formerly known as the Food Stamp program, which provides financial assistance for purchasing food to low-income California residents.

and had estimated monthly expenses of $5,229.  The evening before the hearing, V.K. had received a formal job offer.  She was to begin her new job on January 9, 2023, earning $41,600 in annual wages, or approximately $3,467 per month.  Her CalFresh benefits would discontinue upon the start of her employment.

### 2. *J.A.'s Income and Expenses*[4]

J.A. asserted he had multiple health conditions which prevented him from working full time.  For the couple of years prior to November 2022, J.A. had been self-employed on a "crypto-currency project," which was "not as profitable" as he had hoped.  Based on his 2021 tax returns, his total compensation for 2021 was $9,090 in gross capital gains.  In 2022, the "trading was less" and he inherited $7,500 from his grandfather in June or July 2021.

V.K.'s counsel argued J.A.'s credit card statements showed an average monthly balance of $3,510.30, which over a period of 11 months were paid on the same day each month by his parents.  V.K. asked the court to consider the recurring financial support from J.A.'s parents as nontaxable income to J.A.  J.A. asserted the payments were a loan from his parents that he was expected to repay.

### 3. *The Court's Findings*

The court ordered J.A. to pay monthly child support of $472, retroactive to December 1, 2022, and arrears of $944 through February 1, 2023.  The

---

[4]    According to the Register of Actions, J.A. filed an IED contemporaneous with his Responsive Declaration to the RFO, on November 29, 2022.  J.A.'s IED, however, is not part of the record on appeal.  We derive the facts regarding his financial condition from his responsive declaration and the reporter's transcript of the December 21, 2022 hearing.

child support order was based on the following findings, which were reflected in a Dissomaster report attached to the court's minute order.

The court found V.K. earned monthly taxable income of $3,467, her tax filing status was head of household with two exemptions, and the child was in her primary custody.

As to J.A., the court found he had a monthly income of $3,000 comprised of recurring gifts from his parents, rejecting the claim his parents' payments of his monthly expenses were loans. However, the court characterized this monthly income as taxable wages, rather than nontaxable income, in the Dissomaster. It found J.A.'s tax filing status was single with 1 exemption and he had a 15 percent timeshare with the child.

B.   *The Trial Court Did Not Abuse Its Discretion in Not Ordering Child Support Retroactive to the Filing Date of the Petition*

Family Code[5] section 4009 provides, in relevant part, "An original order for child support *may* be made retroactive to the date of filing the petition, complaint, or other initial pleading." (Italics added.) By its plain terms, the statute is permissive. It does not require the family court to order child support retroactive to the filing of the initial pleading, but rather gives it the discretion do so. Accordingly, we review the court's decision on retroactivity under section 4009 for an abuse of discretion. (*In re Marriage of Barth* (2012) 210 Cal.App.4th 363, 374–375; *In re Marriage of Cheriton, supra,* 92 Cal.App.4th at p. 300.)

Here, the family court *did* exercise its discretion to make the child support retroactive, only it chose to make it retroactive to December 1, 2022 and not September 1, 2022. Section 4009 "permits the trial court to make its

---

[5]   All statutory references are to the Family Code.

6

ruling retroactive to [any date before] the filing date of the [initial pleading], but *no earlier.*" (*In re Marriage of Cheriton*, *supra*, 92 Cal.App.4th at p. 300, italics added.) V.K. must demonstrate the court abused its discretion by not awarding the additional three months of retroactivity.

V.K. argues the court's failure to grant the additional three months of retroactivity is inconsistent with established legal principles and created undue financial strain on her. The court, however, did not explain its reasons for selecting December 1, 2022 as the effective date of child support. Because V.K. did not request a statement of decision on the issue of retroactivity, in the absence of an explanation for the order, we are required to indulge the presumption in favor of the correctness of the order and imply findings to support the order. (See *In re Marriage of Weinstein* (1991) 4 Cal.App.4th 555, 570.) We thus find no abuse of discretion in the court's decision to make the child support order retroactive to December 1, 2022.

C. *The Court's Findings as to V.K.'s Income for December 1, 2022 to January 8, 2023 and J.A.'s Income as Taxable Were Not Supported by Substantial Evidence*

V.K. argues the family court erred by considering her future unearned wages in the December 2022 child support payment. We agree. There was no dispute that V.K.'s new job began on January 9, 2023 and she would be earning approximately $3,467 each month upon the start of her employment. Yet the court found she had taxable monthly wages of $3,467 from December 1, 2022 through January 8, 2023. No argument was made to suggest any income should be imputed to V.K. on the basis she had the ability and opportunity to earn *those* wages in that period, nor is there any evidentiary basis to support such a ruling. (*In re Marriage of Cohn* (1998) 65 Cal.App.4th 923, 931 ["[F]igures for earning capacity cannot be drawn from thin air; they must have some tangible evidentiary foundation."]; *In re Marriage of LaBass*

7

*and Munsee* (1997) 56 Cal.App.4th 1331, 1337–1338 [court is required to find parent has the ability, willingness to work, and the opportunity to work before it may impute income on the basis of earning capacity].)

We also agree with V.K.'s next claim that the court erred by considering J.A.'s income comprised of recurring gifts from his parents as taxable income. The court has discretion to determine whether income is taxable or nontaxable, but there must be substantial evidence to support its election, and its discretion must be exercised to maximize income available for child support. Further, it is generally the donors (the parents) and not the recipient (J.A.) who are responsible for paying taxes on any gifts *and*, as J.A.'s attorney argued, J.A.'s parents did *not* pay gift taxes on the gifts at issue. To the contrary, J.A. claimed the payments were loans, a claim the court rejected as unpersuasive. Moreover, in 2022, each parent would be entitled to an annual gift exclusion of $16,000. Thus even entertaining that there was any basis to treat the gifts as taxable, only $4,000 would be considered potentially taxable, and even then, the tax burden would be shouldered by the parents. Yet the court characterized the entire annual amount of $36,000 as taxable to J.A. We thus conclude there is no substantial evidence to support the court's finding that the gift income was taxable to J.A. and the court therefore abused its discretion in characterizing the entire $36,000 as taxable to J.A. By characterizing the gifts as taxable, the court's finding had the effect of improperly reducing J.A.'s adjusted net income available for support by $506.

Because neither of these findings was supported by substantial evidence, we must reverse the court's child support order so that it can recalculate V.K.'s income for December 1, 2022 to January 8, 2023 and recharacterize J.A.'s gift income as nontaxable.

8

## II.

### *Attorney Fees*

Lastly, V.K. asserts the family court order denying her request for an attorney fee contribution from J.A. was error because there were "significant financial disparities" between the parties. As with her other claims, we review an attorney fee award for an abuse of discretion. (See *In re Marriage of Smith* (2015) 242 Cal.App.4th 529, 532.) Under this standard, we uphold any findings of fact supported by substantial evidence and do not reverse the court's order unless, considering all the evidence viewed most favorably in support of the order, no judge could reasonably make the challenged order. (*Ibid.*) As we shall explain, we conclude no abuse of discretion appears on the record before us.

V.K. requested an attorney fee contribution from J.A. in the total amount of $29,355.78. V.K.'s counsel specified she was seeking $3,974 under

sections 7605[6] and 7640[7] for work already performed in the parentage action, including for child support and child custody issues; $20,131.78 under section 6344[8] as the prevailing party in a DVRO action; and an additional $5,000 incurred since the filing of the amended RFO in November 2022.[9]

Each of these family code provisions require a finding, in addition to the requesting party's need, that the contributing party has the ability to

---

[6] Section 7605 provides, in relevant part: "In any proceeding to establish physical or legal custody of a child or a visitation order . . . , and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, . . . to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding." (§ 7605, subd. (a).) "When a request for attorney's fees and costs is made under this section, the court shall make findings on whether an award of attorney's fees and costs is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (§ 7605, subd. (b).)

[7] Section 7640 provides, "The court may order reasonable fees of counsel, . . . to be paid by the parties . . . in proportions and at times determined by the court," under the standards set forth in sections 2032 and 7605.

[8] Section 6344 provides, "After notice and a hearing, a court, upon request, shall issue an order for the payment of attorney's fees and costs for a prevailing petitioner." (§ 6344, subd. (a).) "Before a court awards attorney's fees and costs" under this provision, "the court shall first determine pursuant to [s]ection 270 that the party ordered to pay has, or is reasonably likely to have, the ability to pay." (§ 6344, subd. (c).)

[9] We observe the sum of these amounts is $250 short of counsel's total request of $29,355.78.

pay. (§§ 7605, subd. (b), 7640, 6344, subd. (c).) Here, the court found J.A. did not have the ability to pay a contribution to V.K.'s attorney fees and costs. It found that J.A.'s own fees were paid by his parents through a gift and it could not order J.A.'s parents to contribute to V.K.'s fees. Substantial evidence supports the court's findings. Based on V.K.'s request, the court considered the monthly recurring gifts of approximately $3,000 that J.A. received from his parents as J.A.'s income for child support. Although the court declined to impute any further income to J.A. on the basis of its finding that he had not presented credible evidence he is unable to work, V.K. does not challenge this ruling. Other than financial support from his parents, J.A. did not have any other assets. The court impliedly accepted the argument of J.A.'s attorney that the court had before it "basically two poor people" who were each receiving financial support from their families. On this record, we cannot say " 'no judge could reasonably make the order made.' " (*In re Marriage of Smith*, *supra*, 242 Cal.App.4th at p. 531.)

## DISPOSITION

The court's January 12, 2023 child support order is reversed. The matter is remanded to the superior court with instructions to recalculate child support so that it accurately reflects (1) V.K.'s income for the period of December 1, 2022 to January 8, 2023 and (2) that J.A.'s gift income is nontaxable. The superior court shall further determine any arrearages owed by J.A. based on the new child support amount. In all other respects, we

affirm.  V.K. is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(3) and (a)(5).)

DO, J.

I CONCUR:


McCONNELL, P. J.



I CONCUR IN THE RESULT:


CASTILLO, J.